## WILSON SWEET V. THE STATE.

*No. 3098.   Decided November 20.*

**1. Forgery—Practice—New Trial.**—See the opinion for the substance of absent testimony set out in a motion for continuance *held*, in view of the proof on the trial, to have entitled the accused to a new trial, the continuance having been refused.

**2. Same—Charge of the Court.**—See the statement of the case for the substance of evidence, in view of which the trial court erred in omitting to instruct the jury in accordance with article 441 of the Penal Code, to the effect that if the defendant, in making the alleged forged order, if he did make it, acted under an authority which he had good reason to believe, and actually did believe to be sufficient, he would not be guilty of forgery, though the authority was in fact insufficient and void.

APPEAL from the District Court of Gregg. Tried below before T. M. Campbell, Esq., Special Judge.

The conviction was for forgery, and the penalty assessed against the appellant was a term of two years in the penitentiary.

The indictment sets out the substance of the alleged forged instrument as follows:

"LONGVIEW, Texas, August 20, 1888.

"*A. A. Killingsworth:* Please let Wilson Sweet have fifteen dollars, or get him a coffin, and charge same to me, and oblige,

"Yours,

"DICK FIELDS."

A. A. Killingsworth testified for the State that the defendant came to him on the morning of August 20, 1888, and asked him for the loan of money, or to stand good for him for the purchase money of a coffin in which to bury his mother. The witness refused, and defendant went off.

About an hour later he returned to the witness's office and presented to him the order described in the indictment. Believing the order to be genuine, the witness paid him fifteen dollars, on the credit of Dick Fields. On his cross-examination the witness said that he had lost the order since he 'cashed it. He remembered, however, that it was written in a very legible hand, and not in a scrawl. He was not familiar with the handwriting either of Fields or defendant.

Dick Fields testified for the State that the defendant applied to him on the morning of August 20, 1888, to make him a coffin in which to bury his mother. Witness declined upon the plea that he was too busy. Defendant then asked him to stand as security for him for the purchase money of a coffin at Northcutt's store. Witness refused upon the plea that he had recently paid two security debts, and did not intend to incur any more. He then advised the defendant to go to Sheriff Killingsworth, and see if he would not let him have the money, or get him a coffin. He left, and returned to witness's place late in the evening and told witness that he got the money from Killingsworth, and that within a few days he would send the amount to witness to pay Killingsworth. The witness told him in reply that he had better remit the money direct to Killingsworth. Witness did not execute, nor did he authorize the execution of the order described in the indictment. The State closed.

Five witnesses for the defense testified that to their knowledge the defendant was utterly illiterate, and could neither read nor write.

*R. B. Levy,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This conviction is for the forgery of an order in writing purporting to be the act of one Fields. We think a new trial should have been awarded the defendant because of the absence of the witness Bryant Thompson, whose testimony, we think, was material and probably true. Defendant made a first application for continuance to enable him to obtain said testimony, in which he showed that he had used reasonable diligence to have said witness present at the trial, which application the court overruled. It is stated in said application that defendant expected to prove by said witness that he heard Fields authorize defendant to obtain from Killingsworth, the drawee of the alleged forged order, fifteen dollars, the amount named in said order, on the credit of him, the said Fields. This testimony would be material in several aspects, 1. As tending to show that defendant had lawful authority to make said order, or had good reason to believe, and actually did believe, that in obtaining the money from Killingsworth he acted under sufficient authority. 2. As tending to show that in the transaction he acted without an intent

to injure or defraud.   3. As tending to show, in connection with other evidence adduced on the trial, that the order was genuine; that the same had in fact been executed by said Fields.   It can not be said, in view of the evidence on the trial, that said absent testimony is not probably true.

We are further of the opinion that under the peculiar facts of this case the court should have instructed the jury in accordance with article 441 of the Penal Code, to the effect that if the defendant in making said order, if he did make it, acted under an authority which he had good reason to believe, and actually did believe, to be sufficient, he was not guilty of forgery, though the authority was in fact insufficient and void.   This we think was a part of the law of this case, there being some evidence tending to show that Fields had authorized the defendant to get the money from Killingsworth on his, Fields's, credit; and it being shown also that defendant was ignorant and illiterate, and may therefore have reasonably believed that such authority justified the making of such order.

Upon the whole case, as presented in the record, we are impressed with the belief that the ends of justice will be best subserved by according to the defendant another trial.   The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*

White, P. J., absent.